Praveen K. Khurana, Pro Se
108 S. Jefferson Street, 307
Spokane, WA, 99201
(208) 413-0165
Matman00us@yahoo.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

Praveen K. Khurana,

Plaintiff,

v.

Case No.: **8:26-CV- 215- KKM-TGW**

Ryder Transportation Solutions, LLC,

Defendant.

JURY TRIAL DEMANDED

## COMPLAINT FOR DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE, AND RETALIATION (COMPLAINT)

(Americans with Disabilities Act & Florida Civil Rights Act)

Plaintiff Praveen K. Khurana, proceeding pro se, alleges as follows:

## I. INTRODUCTION:

1.  This action arises from Defendant Ryder Transportation Solutions, LLC's failure to reasonably accommodate Plaintiff's insulin-dependent diabetes, its withdrawal of a previously effective accommodation, and its retaliation against Plaintiff after he requested continuation of that accommodation.

2.  Plaintiff was employed as a national FLEX commercial driver whose job required frequent multi-day travel by air and ground.

COMPLAINT - 1

I.F.P

3. Plaintiff required nightly freezer access to safely store insulin and to freeze TSA-required gel packs necessary for lawful air travel.

4. Ryder initially permitted freezer-equipped hotel accommodations, enabling Plaintiff to perform his job successfully.

5. Ryder later rescinded that accommodation, offered an ineffective substitute, removed Plaintiff from work, and terminated him shortly thereafter.

## II. JURISDICTION AND VENUE

6. Plaintiff re-alleges and incorporates by reference paragraphs above as if fully set forth herein.

7. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 12117.

8. This Court has supplemental jurisdiction over Plaintiff's Florida Civil Rights Act claim under 28 U.S.C. § 1367. Venue is proper in the Middle District of Florida, Tampa Division under 28 U.S.C. § 1391(b) because:

a. Ryder maintains managerial and human-resources operations in Florida;

b. Key decision-makers involved in the denial of accommodation and termination were located in or tied to Florida, including Tampa; and

c. Material employment decisions were made and implemented from this district.

## III. PARTIES

9. Plaintiff re-alleges and incorporates by reference paragraphs above as if fully set forth herein.

COMPLAINT - 2

10. Plaintiff Praveen K. Khurana is an individual formerly employed by Ryder as a FLEX commercial driver. Plaintiff's home base during employment was Montana and later Spokane, Washington.

11. Defendant Ryder Transportation Solutions, LLC is a limited liability company doing business in Florida and nationwide and is an "employer" within the meaning of the ADA and the Florida Civil Rights Act.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff re-alleges and incorporates by reference paragraphs above as if fully set forth herein.

12. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission alleging disability discrimination, failure to accommodate, and retaliation.

13. On January 14th, 2026, the EEOC issued Plaintiff a Notice of Right to Sue.

14. This action is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue. A true and correct copy of the Notice of Right to Sue is attached hereto as Exhibit A.

## V. FACTUAL ALLEGATIONS

15. Plaintiff re-alleges and incorporates by reference paragraphs above as if fully set forth herein.

16. Plaintiff has insulin-dependent diabetes, a disability under the ADA and FCRA that requires strict temperature control of insulin.

COMPLAINT - 3

17. As a FLEX driver, Plaintiff traveled nationwide on multi-day assignments involving air travel, rental vehicles, rideshare, and commercial trucks.

18. TSA regulations require insulin gel packs to be fully frozen for air travel.

19. Accordingly, Plaintiff required nightly freezer access to freeze gel packs and safely store insulin during multi-day assignments.

20. Early in Plaintiff's employment, Ryder managers — including Ron Mills in Tampa, Florida — were aware of Plaintiff's medical storage needs.

21. Ryder permitted Plaintiff to stay in freezer-equipped hotels, and those bookings were processed through Ryder's centralized travel systems.

22. While this accommodation remained in place, Plaintiff performed his job satisfactorily.

23. In late 2023 and early 2024, Plaintiff requested continuation of the freezer-equipped hotel accommodation.

24. Ryder rescinded the accommodation and restricted Plaintiff to hotels without freezer access, despite Plaintiff explaining that without nightly freezer access he could not safely store insulin or lawfully travel through TSA checkpoints.

25. Ryder proposed a "portable TSA-approved cooler" as a substitute.

26. The proposed device required continuous electrical power, could not freeze gel packs, and was impractical for multi-day FLEX travel involving flights, rental vehicles, and layovers.

27. Ryder never provided the device for real-world testing and never demonstrated that it would enable Plaintiff to perform essential job functions.

28. Without freezer access, Plaintiff could not lawfully transport insulin through TSA or safely maintain insulin temperatures during extended travel.

29. Ryder removed Plaintiff from meaningful work assignments.

30. Shortly after denying the accommodation, Ryder terminated Plaintiff in or about February 2024.

31. Ryder later asserted performance-based reasons, including alleged delays and phone usage.

32. Ryder failed to investigate whether Plaintiff's brief phone use was a DOT-permitted safety call related to traffic and hazardous conditions.

33. Ryder blamed Plaintiff for corporate hotel billing practices over which Plaintiff had no authority or control.

34. The timing demonstrates retaliation:

accommodation request → denial → removal from work → termination.

35. Ryder's stated reasons are pretextual and inconsistent with contemporaneous facts.

## VI. COUNT I — FAILURE TO ACCOMMODATE (ADA)

36. Plaintiff re-alleges and incorporates by reference paragraphs 1-34 above as if fully set forth herein.

37. Plaintiff is a qualified individual with a disability.

38. Plaintiff requested reasonable accommodation necessary to perform essential job functions.

39. Ryder denied the only effective accommodation and offered an ineffective substitute.

40. Ryder failed to engage in a good-faith interactive process.

41. Ryder violated the ADA.

## VII. COUNT II — DISABILITY DISCRIMINATION (ADA)

41. Plaintiff re-alleges and incorporates by reference paragraphs 1-41 above as if fully set forth herein.

42. Ryder withdrew a previously effective accommodation and terminated Plaintiff because of disability and disability-related limitations.

43. Ryder's stated reasons are pretextual.

44. Ryder violated the ADA.

## VIII. COUNT III — RETALIATION (ADA)

45. Plaintiff incorporates paragraphs 1–44 Plaintiff re-alleges and incorporates by reference paragraphs above as if fully set forth herein.

46. Plaintiff engaged in protected activity by requesting accommodation.

47. Ryder retaliated by denying accommodation, removing Plaintiff from work, and terminating him.

48. Ryder violated the ADA's anti-retaliation provisions.

## IX. COUNT IV — DISABILITY DISCRIMINATION (FCRA)

49. Plaintiff incorporates paragraphs 1–48. Plaintiff re-alleges and incorporates by reference paragraphs above as if fully set forth herein.

50. Ryder is an employer under the Florida Civil Rights Act.

51. Ryder denied accommodation and terminated Plaintiff because of disability.

52. Ryder violated the Florida Civil Rights Act.

## X. DAMAGES

53. As a result of Ryder's unlawful conduct, Plaintiff suffered:

- Lost wages and benefits;

- Loss of future earning capacity;

- Emotional distress;

- Out-of-pocket medical and living expenses.

54. Plaintiff seeks:

- Back pay and front pay;

- Compensatory damages;

- Punitive damages where available;

- Attorneys' fees and costs if counsel later appears;

- Pre- and post-judgment interest;

COMPLAINT - 7

- Injunctive and equitable relief.

## XI. JURY DEMAND

55. Plaintiff demands trial by jury on all issues so triable.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in his favor and all relief available under the ADA and the Florida Civil Rights Act.

Respectfully submitted,

/s/ Praveen K. Khurana

Praveen K. Khurana, Pro Se

DATED:- 23 DAY OF JANUARY, 2026

COMPLAINT - 8