UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRAVEEN K. KHURANA,

    Plaintiff,

v.                           CASE NO. 8:26-cv-215-KKM-TGW

RYDER TRANSPORTATION
SOLUTIONS, LLC,

    Defendant.

_____

**REPORT AND RECOMMENDATION**

    The plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 7) pursuant to 28 U.S.C. § 1915. The complaint does not comply with the Federal Rules of Civil Procedure, and it fails to state a claim upon which relief may be granted. I, therefore, recommend that the plaintiff's 1st Amended Complaint (Doc. 6) be dismissed.

I.

    Under 28 U.S.C. § 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an

affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Unsupported conclusory factual allegations also may be 'clearly baseless.'" Craven v. Florida, No. 6:08-cv-80-Orl-19GJK; 2008 WL 1994976 at *4 (M.D. Fla. May 8, 2008), adopted at *2. In order to state a claim for relief the complaint must allege facts from which the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The Court liberally construes pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a pro se pleading "must still comply with procedural rules governing the proper form of pleadings." Hopkins v. St. Lucie Cnty. Sch. Bd., 399 Fed. Appx. 563, 565 (11th Cir. 2010). Thus, a court will not "rewrite an otherwise deficient

2

pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760

F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

II.

The complaint does not comply with Federal Rules of Civil

Procedure 8 and 10. Notably, the complaint is an impermissible shotgun

pleading. The Eleventh Circuit has stated the following about shotgun

pleadings:

> A shotgun pleading is a complaint that violates
> either Federal Rule of Civil Procedure 8(a)(2) or
> Rule 10(b), or both. *Weiland v. Palm Beach
> Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th
> Cir. 2015).
>
> …
>
> "[W]e have identified four rough types or
> categories of shotgun pleadings." *Weiland*, 792
> F.3d at 1321. The first is "a complaint containing
> multiple counts where each count adopts the
> allegations of all preceding counts, causing each
> successive count to carry all that came before and
> the last count to be a combination of the entire
> complaint." *Id.* The second is a complaint that is
> "replete with conclusory, vague, and immaterial
> facts not obviously connected to any particular
> cause of action." *Id.* at 1322. The third is a
> complaint that does not separate "each cause of
> action or claim for relief" into a different count.
> *Id.* at 1323. And the final type of shotgun pleading
> is a complaint that "assert[s] multiple claims
> against multiple defendants without specifying
> which of the defendants are responsible for which
> acts or omissions, or which of the defendants the
> claim is brought against." *Id.*

3

<u>Barmapov</u> v. <u>Amuial</u>, 986 F.3d 1321, 1324–25 (11th Cir. 2021).

The plaintiff's complaint appears to be the first type of shotgun pleadings because he alleges multiple counts where each count adopts the allegations of preceding counts. For instance, the plaintiff's complaint lists count II as retaliation and states "Plaintiff realleges paragraphs 26 through 46" (Doc. 6, p. 7).

Moreover, this complaint does not comply with Federal Rule of Civil Procedure 10(b) which requires the plaintiff to plead discrete claims in separate counts and identify in separate numbered paragraphs the pertinent facts supporting that claim. <u>See</u> <u>McNeil</u> v. <u>United States</u>, 508 U.S. 106, 113 (1993) (pro se litigants must comply with procedural rules that govern pleadings). Here, the plaintiff fails to detail the necessary facts to support each claim.

Additionally, the complaint does not comply with Federal Rule of Civil Procedure 8(a)(2) which requires that the pleading be "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint is a vague and conclusory statement that fails to state a claim upon which relief may be granted. For example, the plaintiff alleges retaliation but does not properly detail facts to support this claim. The plaintiff makes several vague statements such as "[d]efendant retaliated

4

against Plaintiff for engaging in protected activity in violation of the ADAAA" (Doc. 6, p. 8) but does not state how the defendant retaliated against the plaintiff. The plaintiff needs to state a legal cause of action and detail, with specificity, the actions said defendant took to commit the misconduct.

In sum, the plaintiff's complaint does not "contain sufficient factual matter...to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, supra, 556 U.S. at 678, quoting Bell Atlantic Corp. v. Twombly, supra, 550 U.S. at 570. Accordingly, the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. Pro. 12(b)(6).

Furthermore, the plaintiff was already allowed an opportunity to file an amended complaint. Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (Section 1915(e)(2)(B)(ii)). Judge Kathryn Kimball Mizelle entered an order (Doc. 4) stating "[i]f the Plaintiff...submits another shotgun pleading, this action will be dismissed without further notice." Considering Judge Kathryn Kimball Mizelle's order and the fact that the plaintiff submitted another shotgun pleading, I, therefore, recommend that the plaintiff's 1st Amended Complaint (Doc. 6) be dismissed and the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 7) be denied.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: March 13 , 2026.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). Under 28 U.S.C. § 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.